IN THE MATTER OF THE ESTATE OF ANNIE S. CLINE, DECEASED.

(Filed 3 May, 1961.)

APPEAL by respondent from *Preyer, J.,* at August 1960 Term of CABARRUS.

Special proceeding for revocation of letters testamentary.

The record on this appeal shows that Annie S. Cline, a resident of Cabarrus County, died 9 April 1959, leaving a last will and testament and a codicil thereto.

In her will and codicil the decedent named three of her children: Charlie J. Cline, Carl C. Cline, and Myrtle Cline Patterson, to serve as co-executors. They duly qualified as such on 14 April 1959.

On or about 13 July 1960, the wife of the respondent Charlie J. Cline instituted an action in the Superior Court of Cabarrus County against the named co-executors to recover $10,800.00 for alleged personal services rendered to the decedent during her lifetime. Thereafter the petitioners, Carl C. Cline and Myrtle Cline Patterson, filed a petition with the Clerk of the Superior Court of Cabarrus County in which they allege that the wife of Charlie J. Cline instituted the above mentioned action at his insistence, and for his benefit, and that Charlie J. Cline is indebted to the decedent's estate in the sum of $5,735.75 for money borrowed.

Upon the foregoing grounds, the petitioners pray that the letters testamentary of the respondent be revoked upon the ground that he is legally incompetent within the purview of G.S. 28-32.

The respondent denied the indebtedness alleged in the petition and further denied that he caused the suit to be filed by his wife against the co-executors.

The cause came on for hearing before the Clerk of the Superior Court of Cabarrus County upon the verified pleadings. The Clerk found facts and therefrom concluded that the respondent had become disqualified and incompetent to serve as co-executor, and revoked his letters testamentary.

In due course the case was appealed to the Superior Court, and the presiding judge affirmed the rulings of the Clerk in every respect.

To judgment entered in accordance therewith, the respondent excepts and appeals to the Supreme Court and assigns error.

*Hartsell, Hartsell & Mills, J. Maxton Elliott for respondent appellant.*

*Williams, Willeford & Boger for petitioner appellee.*

PER CURIAM. The single question brought forward in the present case is whether the evidence is sufficient to support the judgment of the court below. The case was heard upon the verified pleadings, as affidavits, and the facts found were to the effect that the respondent's personal interests conflict with his duties and responsibilities as co-executor.

Upon a careful reading of the record of case on appeal the conclusion is that the evidence supports the findings of fact; that the findings of fact support the conclusions of law and that the conclusions of law support the judgment.

Therefore, the judgment of the Superior Court from which appeal is taken is

Affirmed.